UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| URSULA MAYER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-00391-JCH |
| | ) |
| MERCY HEALTH SERVICES, LLC d/b/a/ | ) |
| MERCY HEALTH and LIFE INSURANCE | ) |
| COMPANY OF NORTH AMERICA d/b/a/ | ) |
| CIGNA GROUP INSURANCE, | ) |
| | ) |
| Defendants. | ) |

## MEMORARNDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed April 8, 2018, (ECF No. 14) and Defendant Life Insurance Company of North America's Motion to Dismiss, filed April 30, 2018. (ECF No. 27). The matter is fully briefed and ready for disposition.

## BACKGROUND[1]

On December 13, 2017, Plaintiff filed a State Court Complaint in the Circuit Court of St. Louis County, Missouri. In her State Court Complaint, Plaintiff alleges that she is an employee of Mercy and was insured under a group long term disability ("LTD") insurance policy ("The Policy" issued by Cigna; that Plaintiff became totally disabled as defined in the Police; that she applied for LTD benefits under the Policy; and that her application for LTD benefits was denied (ECF No. 6, ¶¶ 23-41). Count I of the Complaint alleges Breach of Contract against Cigna. Count II alleges Vexatious Refusal to Pau against Cigna. Count III alleges tortious interference with Contract against Mercy. Count IV alleges Civil Conspiracy against Mercy and Cigna (jointly, "Defendants"). (ECF No. 6 at 7-12).

---

[1] Much of the background facts are restated from the Court's previous Memorandum and Order (ECF No. 43).

1

Plaintiff alleges that: "Mercy is organized exclusively for religious, charitable, scientific, and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code" ("IRC"); the "Mercy Articles of Incorporation require that Mercy operate to serve the mission of the Roman Catholic Church" and that it operate "to evidence the policies of the Sisters of Mercy and Mercy Health Ministry"; "Mercy adheres to and is guided by the Ethical and Religious Directives for Catholic Health Services of the National Conference of Catholic Bishiops"; in promotional material Mercy describes its values to include "wisely us[ing] our talents and resources to strengthen Mercy as a ministry of the Church"; Mercy is associated with the Roman Catholic Church as well as the Sisters of Mercy, as defined by [The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA")], as it shares common religious bonds and convictions of the Church"; "Mercy is 'associated with a church or a convention or association of churches'"; and Mercy's articles of incorporation and values "affirm its obligation to act in conformity with the teachings of the Catholic church and the Sisters of Mercy." (ECF No. 6, ¶¶ 4-13, 17-19). The Complaint further alleges that, based on the foregoing, the LTD Plan at issue is a "church plan" as defined by ERISA; that, therefore, the LTD Plan is exempt from ERISA pursuant to 29 U.S.C. § 1003(b) and the "contract is subject to the law of the State of Missouri."

On March 9, 2018, Cigna timely removed Plaintiff's cause of action to the United States Court for the Eastern District of Missouri based on federal question jurisdiction, 28 U.S.C. § 1331 On March 12, 2018, Defendant Mercy Health Services, LLC consented to Removal. (ECF No. 11). In its Notice of Removal, Defendant Cigna asserted that the Policy was issued in connection with an "employee welfare benefit plan" as that term is defined in ERISA 29 U.S.C. § 1002(1), and that the Policy is therefore subject to ERISA and the Plaintiff's state law claims

are preempted by ERISA. (ECF No. 1, ¶¶ 10, 15). In support of the assertion that the policy is subject to ERISA the Notice of Removal states that the policy application states that 'Mercy reported that it filed ERISA reports" and "provided an ERISA plan name and ERISA plan numbers in conjunction with its short term and long term disability policies"; that an ERISA coverage worksheet which Mercy provided to Cigna reflects that "the policyholder" is not a religious organization or hospital; and that Mercy "has been filing ERISA Form 5500s" for the LTD Plan since "at least 2009." (ECF No. 1, ¶¶ 11-14).

On April 8, 2018, Plaintiff filed her Motion to Remand (ECF No. 14) reasserting her claim that her cause of action is not preempted by ERISA and that Removal was not proper because the LTD Plan is a church plan, and therefore the Court does not have federal question jurisdiction; that Mercy has argued in prior cases that its pension plan is exempt from ERISA because Mercy is controlled by and associated with the Catholic Church; that the doctrine of judicial estoppel prevents Mercy from asserting a claim in the instant matter that is inconsistent with its claim in prior proceedings that ERISA did not apply. (ECF No. 15, at 5).In opposition to the Motion to Remand, Defendants contend that ERISA preempts the allegations of Plaintiff's Complaint, and therefore, the Court has jurisdiction (ECF No. 26). Specifically, Defendants argue that Mercy Health made clear elections to make its LTD Plan an ERISA plan pursuant to 26 U.S.C § 410(d). (ECF No. 26, 9-10). On April 30, 2018, Defendant Cigna filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 27) and Defendant Mercy Health Services, LLC joined. (ECF No. 30). The Motion to Dismiss also argues that Plaintiff's claims are preempted by the provisions of ERISA. (ECF No. 28).

On June 25, 2018, the Court issued a Memorandum and Order holding Plaintiff's Motion to Remand and Defendants' Motion to Dismiss in abeyance. (ECF No. 43). The Court

determined with regard to judicial estoppel, that the status of Mercy's pension plan as a Church Plan is not determinate of whether the LTD Plan at issue is also a Church Plan, and the Defendants are not estopped from arguing that the LTD Plan is not a Church Plan. (ECF No. 43 at 17). The Court further determined that the Defendants have not effectively opted the LTD Plan into ERISA pursuant to § 410(d). The Court also determined that "Defendants have the burden to establish that the…LTD Plan is not a church plan and thus subject to ERISA" and found that it did not have sufficient verified facts before it to determine whether or not the LTD plan is a church plan, and therefore, whether or not it is exempt from ERISA. (ECF No. 43, at 25). The Court granted the parties thirty (30) days to conduct discovery for the limited purpose of developing a record relevant to whether the LTD Plan is a church plan. (ECF No. 43 at 26).

On July 25, 2018, and on October 22, 2018, the Parties were granted extensions of time to conduct their limited discovery. (ECF Nos. 45, 47). On November 28, 2018, the Plaintiff filed her supplemental memorandum with the court. (ECF No. 50). On November 30, 2018, Defendants asked for additional time to file their supplemental memorandum. (ECF Nos. 51, 53). On December 28, 2018, Defendant Mercy filed its supplemental memorandum. (ECF No. 55). On January 2, 2019, the Court granted Defendant Cigna leave to join Defendant Mercy's memorandum. (ECF No. 57).

**LEGAL STANDARD**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482, U.S. 386, 392

(1987)(citation omitted). *See also*, *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996) ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction.") (quoting *Caterpillar*, 482 U.S. at 392). Because federal law provides that Plaintiffs are the "masters of the complaint," plaintiffs "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

There is however an exception to the well pleaded complaint rule in cases where "'a federal statute wholly displaces the state-law cause of action through complete preemption.'" *Hall v. USAble Life,* 774 F. Supp 2d 953, 955 (E.D. Ark. 2011)(quoting, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207-8 (2004)). "ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), has such preemptive force that it converts an ordinary state common law complaint into one stating a federal claim." *Hall,* 774 F. Supp. 2d at 955.

Except as otherwise expressly provided by Congress, civil actions for which the district courts of the United States have original jurisdiction may be removed from State court to federal district court. 28 U.S.C. §§ 1441(a), 1446. A party opposing removal may file a motion to remand to State Court. 28 U.S.C. § 1447(c). The party removing and opposing remand has the burden of establishing federal jurisdiction. *See In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1983 )(per curiam). Upon considering a motion to remand, a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id.*(citing *Steel Valley Auth. V. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also, Transit Cas. Co. v. Certain Unterwriters at Lloyds of London,* 119 F.3d 619, 625 (8th Cir. 1997). "[C]auses of action within the scope of the civil enforcement provisions of [ERISA] §

502(a) [may be] removable to federal court." *Aetna Health,* 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

The Eighth Circuit in *Chronister v. Baptist Health*, 443 F.3d 648 (8th Cir. 2006)[2] held that, in a case removed from state court based on federal question jurisdiction pursuant to ERISA, if the employee benefit plan at issue is a "church plan" within the meaning of ERISA, a federal question does not exist, and the court "'must remand the matter to state court.'" *Chronister*, 443 F.3d at 651(quoting, *Lown v. Cont'l Cas. Co.*, 238 F.3d 543, 547 (4th Cir. 2001)). If the employee benefit plan at issue is not exempt, the federal court has federal question jurisdiction and must deny a motion to remand. *See, Chronister*, 442 F.3d at 651 (citing *Lown,* 238 F.3d at 547).

## DISCUSSION

In its previous Order the Court determined that it lacked sufficient verifiable facts to determine whether or not the LTD Plan is an ERISA plan or a church plan, and therefore exempt from ERISA. (ECF No. 43 at 25). The Court noted that:

> "Notably the record does not reflect, among other things, the nature of the role, if any which the Sisters of Mercy or the Catholic Church play in the governance of SMHC [Sisters of Mercy Health System, St. Louis, Inc.,][3] or whether the SMHC receives assistance from a religious institution. Specifically the record does not reflect the following: whether the Sisters of Mercy provide the majority of the officers or members of SMHC; whether the hospitals operated by SMHC adhere to Church ethical and/or religious directives; whether the Sisters of Mercy appoint or approve Board members of SMHC; whether any members of the Sisters of Mercy are on the Board of SMHC; the extent to which the Board members of

---

[2] Following affirmance of remand, *Chronister v. Baptist Health*, 442 F.3d 648, 651 (8th Cir. 2006), was reversed on other grounds in *Chronister v. Unum Life Ins. Co. of Am.,* 563 F.3d 773 (8th Cir. 2009).
[3] In a sworn affidavit from Sarah Mehlig, who is employed as the Consultant, Benefits and Wellness for Mercy, submitted by the Defendants, Ms. Mehlig attests that "[o]n January 1, 1982, the Sisters of Mercy of the St. Louis Regional Community Inc., ("SMRC") established [a] Plan to provide benefits for eligible employees of the health care system"; "[i]nitially, the LTD Plan was administered by an employee benefits committee" "[o]n January 1, 2000, the LTD Plan was amended and restated"; [t]he amendment and restatement terminated the Plan's status as a church plan, confirmed the LTD Plan would be governed by [ERISA], and transferred administration of the LTD Plan from the employee benefits committee to the sisters of Mercy Health System, St. Louis, Inc., ("SMHC").

SMHC consult the Sisters of Mercy; and whether there are denominational requirements for employees of SMHC, such as administrators."

(ECF No. 43, 25-26; *and see, Chronister v. Baptist Health,* 442 F.3d 648, 651, 653 (8th Cir. 2006).[4] The Court also noted, "Defendants have provided the Articles of Incorporation of Mercy Health, but the record does not reflect the relationship between Mercy Health and SMHC or if, in fact, they are one and the same." (ECF No. 43, n.9). Therefore, the question before the Court is twofold: (1) what is the relationship between SMHC, Mercy Health, and the Sisters of Mercy and; (2) does that relationship establish the SMHC LTD Plan as a Church Plan within the meaning of ERISA?

In *Advocate Health Care Network v. Stapleton*, 137 S.Ct. 1652 (2017), the Supreme Court explained that:

> "The statutory definition of 'church plan came in two distinct phases. From the beginning, ERISA provided that '[t]he term 'church plan' means a plan established and maintained…for its employees…by a church or by a convention or association of churches.' § 1002(33)(A). Then, in 1980, Congress amended the statute to expand the definition by deeming additional plan to fall within it. The amendment specified that for purposes of the church-plan definition, an 'employee of a church' would include an employee of a church affiliated organization (*like* [] *hospitals* []). §1002(33)(C)(ii)(II). And it added the provision…:
>
>> "A plan established and maintained for its employees… by a church or by a convention or association of churches includes a plan maintained by an organization . . . the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or

---

[4] In *Chronister,* 442 F.3d at 653 the Eighth Circuit applied a three-part test to determine if the plan at issue was a "church plan." These factors known as the *Lown* factors are: "'(1) whether the religious institution plays an official role in the governance of the organization, (2) whether the organization receives assistance from the religious institution, and (3) whether a denominational requirement exists for any employee or patient/customer of the organization.'" Following affirmance of remand, *Chronister v. Baptist Health*, 442 F.3d 648, 651 (8th Cir. 2006), was reversed on other grounds in *Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773 (8th Cir. 2009). The standard for determining whether an employment benefit plan is a church plan articulated in *Chronister*, 442 F.3d 648, however, was left undisturbed.

7

> associated with a church or a convention or association of churches." § 1002(33)(C)(i).

> "… [E]verything after the word 'organization' in the third line is just a (long-winded) description of a particular kind of church associated entity – which this opinion will call a 'principal-purpose organization.' The main job of such an entity, as the statute explains is to fund or manage a benefit plan for the employees of churches or (per the 1980 amendment's other part) of church affiliates." *Advocate Health Care Network v. Stapleton*, 137 S.Ct. 1652, 1656-57 (2017)

Put into the context of this case, it is relevant whether SMHC functions as a "principal-purpose organization". Since "ERISA provides (1) that a 'church plan' means a 'plan established and maintained…by a church' and (2) that a 'plan established and maintained…by a church' is to 'include [ ] a plan maintained by' a principal-purpose organization," "a plan maintained by a principal purpose organization therefore qualifies as a 'church plan,' regardless of who established it." *Advocate Health,* 137 S.Ct at 1663.

Plaintiff's supplemental briefing argues with the support of an affidavit by the Vice President of Mission Services for Mercy Health, Jared Bryson, that Mercy meets the *Chronister* factors determining whether an organization shares common bonds and convictions with a church to create an exemption from ERISA (ECF No. 50; *and see, supra* n. 4, describing the factor test in *Chronister* as the *Lowns* Factor Test). Plaintiff asserts that:

> "The Roman Catholic Church plays an official role in the governance of Mercy. The Vatican granted Mercy's petition for approval to grant pontifical public juridic personality on May 21, 2008…. Mercy's Bylaws state that four of its Directors on the Board must be 'Class A' Directors, all of whom must be Catholic and shall be a woman religious sister of Mercy. Currently all four Class A Directors are religious nuns and some of the "Class B" Directors are also religious nuns…. Mercy Health Ministry enacted Canonical Statutes…[and] Mercy's policies require all Mercy employees to uphold the Ethical and Religious Directives for Catholic Health Services of the National Conference of Catholic Bishops."(ECF No. 50, citing ECF No. 50-2, ¶¶ 8,15-16, 21, 37 ).

Plaintiff goes on to state that "[t]he Sisters of Mercy have a sponsorship relationship with Mercy and its subsidiaries…[and] Mercy employs a denominational requirement for its employees and governance"(ECF No. 50, citing ECF No. 50-2, ¶¶ 6,15). In further support of Mercy's religious affiliation Plaintiff cites, *Sanzone v. Mercy Health,* 326 F. Supp. 3d 795 (E.D. Mo. 2018), in which Judge Perry states that, "[a]n organization is 'associated with a church or convention or association of churches' if it 'shares common religious bonds and convictions with that church or convention or association of churches.' Mercy Health meets this definition" *Sanzone v. Mercy Health*, 326 F.Supp. 3d 795, 806 (E.D. Mo. 2018). Plaintiff asserts that "Mercy Health is associated with a church"; "Mercy Health Maintains the LTD plan" therefore "the LTD Plan is a church plan exempt from ERISA." (ECF No. 50).

Defendants' supplemental does not dispute Plaintiff's contention that Mercy Health is associated with a religious entity. Defendant states, "Plaintiff's Motion to Remand and Supplemental Memorandum establish only what has been undisputed from the outset of this litigation, namely that Mercy Health is controlled by or associated with the Catholic Church. The Court agrees. The Plaintiff has only presented evidence establishing that Mercy Health is associated with a religious entity, but has provided no evidence with regard to how SMHC is related to Mercy Health and therefore has not shown that the LTD Plan is in fact a church plan.

Defendant argues that post *Advocate Health Care Network v. Stapleton*, 137 S.Ct. 1652 (2017) "a plan seeking church plan status under ERISA § 1002(33)(C)(i) must satisfy two distinct requirements: 1. The organization that maintains the plan must have, as its 'principal purpose or function' the 'administration or funding of the plan'; and 2.the organization must be associated with or controlled by the church." (ECF No. 55 at 4)(emphasis omitted). Defendant further states that "Mercy Health is not a Principal Purpose Organization because its principal

9

purpose or function is not to administer or fund the LTD Plan…[and] since 2000, there has not been any entity that has as its principal purpose the maintenance of the LTD Plan." (ECF No. 55, at 5, citing ECF No. 26-1, ¶ 6). Defendant also notes that administration for the LTD Plan was transferred to SMHC, the predecessor to Mercy Health. (ECF No. 55, at 5). Defendants however have not provided any documentation supporting SMHC's relationship to Mercy Health to support their assertion that SMHC is a predecessor to Mercy Health. Even more confusingly, Defendants' assertion that SMHC is related to Mercy Health supports Plaintiff's contention that Mercy's status as a religious organization bears relevance to the LTD's status as a church plan.

In the Court's previous Memorandum and Order, the Court was clear that the supplemental briefing was to address the issue of whether SMHC, plan administer for the LTD plan was religiously affiliated or related to Mercy. (ECF No. 43, 25-26). Both the Plaintiff and the Defendant have not provided the Court with information to clarify the issue. Additionally, rather than providing the Court with supplemental briefing as to the relationship between SMHC and Mercy or SMHC and a religious organization, for the purpose of showing that the LTD plan was in fact not a church plan, the Defendants merely provided briefing in response to the Plaintiff's Supplement.

As discussed *supra*, "[t]he party removing and opposing remand has the burden of establishing federal jurisdiction. *See In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1983)(per curiam). The Defendant held the burden to establish that federal jurisdiction was proper in this case. The Court specifically put the Defendants on notice that they needed to establish their factual assertions. (ECF No. 43 at 35). Additionally, the Court provided both parties with additional time to fully brief the issue. (ECF Nos. 45, 47, 52, 54). The Defendant has not provided the Court with sufficient information supporting its contention that

the LTD plan is not a church plan and therefore subject to ERISA. Upon considering a motion to remand, a District Court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id.* (citing *Steel Valley Auth. V. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also,* Transit *Cas. Co. v. Certain Unterwriters at Lloyds of London,* 119 F.3d 619, 625 (8th Cir. 1997). Since the Court is obligated to err toward remand, the Court will do so in this case.

The record remains insufficient for the Court to determine that the SMHC LTD Plan is subject to ERISA. Defendant has failed to establish that this case is properly before this court. The court is obligated to err toward remand. Therefore this case is remanded.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 14) is **GRANTED**; and that this case is remanded to the Circuit Court for the County of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 27) is **DENIED** as moot.

Dated this 11th Day of February, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE